IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER GRIGG,<br><br>            Plaintiff,<br><br>vs.<br><br>SENATOR JON TESTER,<br><br>            Defendant. | CV 21–40–M–DWM<br><br><br>ORDER |

      Plaintiff Peter Grigg resides in Kalispell and is "[an] illegal alien." (Doc. 4.) Pro se and using a form complaint from the Montana district court in Flathead County, Grigg filed a complaint against "Senator John Tester" in February 2021. (*Id.*) The allegations are short; Grigg accuses Tester of "[d]iscrimination; not fulfilling elected public duties and roles. Lack of interest in Plaintiff (constituent). Defamation of Plaintiff character; non-assistance as elected. Preventing Plaintiff legal employment and residence." (*Id.*) Grigg requests relief in the form of assistance from Tester in securing legal employment and residence, 10 years of earnings to which he otherwise would have been entitled if not for his alien status, and Tester's punishment "to [the] full extent of law" for abuse of power. (*Id.*) Along with his complaint, Grigg filed a letter from the Montana Department of Labor and Industry stating that he would not receive an unemployment benefits

1

check because of a "separation from work issue." (*Id.* at 2.)

The United States timely removed Grigg's complaint to this Court. (Doc. 1.) Removal is based on 28 U.S.C. § 1442, which permits the United States to remove a civil action directed at "[a]ny officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House." § 1442(a)(4); (*see also* Doc. 1 at 2). Subsequently, the United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and failure to state a claim. (*See generally* Docs. 5, 6.) Grigg objected to the United States' motion. (Doc. 7.) Grigg's response lays out fragmented arguments against dismissal, including repeated references to this case as a "class action." (*Id.* at 2–3.) After the United States filed its reply, (Doc. 8), Grigg moved for a hearing on the motion to dismiss, (Doc. 9). The United States opposed Grigg's motion for a hearing. (Doc. 10.) The United States' motion is granted, and Grigg's motion is denied. Because the defects in Grigg's motion cannot be cured with amendment, his complaint is dismissed with prejudice.

## ANALYSIS

When reviewing motions to dismiss for lack of jurisdiction, the Court views the allegations of material fact as true and construes those allegations in the light most favorable to the nonmoving party. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). Those allegations must not be a

mere recitation of the elements of a legally recognizable claim, but "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Pro se filings must be liberally construed when evaluating them under *Iqbal*'s heightened pleading standard, "afford[ing] the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

The United States argues that Grigg's complaint should be dismissed because the Court lacks subject matter jurisdiction over the claims since the allegedly harmful conduct occurred while Tester was acting in his capacity as a senator. It also argues the complaint should be dismissed for failing to state a claim for which relief can be granted. Even construing Grigg's complaint liberally and giving him the benefit of any doubt, the United States prevails on both counts.

I.  **Lack of jurisdiction**

While Grigg's complaint does not formally state that he is suing Tester in his official capacity, there are indicia that Grigg's complaint is aimed at Tester in his official capacity. (Doc. 4 at 1 (i.e., use of "Senator" in the caption, allegation that

3

Tester failed to fulfill "elected public duties, allegation of "non assistance as elected").) "The United States can be sued only to the extent that it has waived its sovereign immunity." *Reed ex rel. Allen v. U.S. Dep't of Interior*, 231 F.3d 501, 504 (9th Cir. 2000). As a preliminary matter, the United States is correct that Grigg "makes claims that could sound in tort, immigration, or civil rights, but does not specifically allege the violation of any federal law." (Doc. 6 at 6.) The imprecision of Grigg's complaint consequently makes it difficult to identify exactly what causes of action he is alleging, which in turn makes it difficult to determine whether the United States has waived its immunity. Nonetheless, even reading Grigg's complaint generously, it is apparent his claims are barred by sovereign immunity.

### A. Tort Claims

To the extent that Grigg alleges tort claims against Tester, the Federal Tort Claims Act ("FTCA") does not offer him a successful avenue to the courts. While the FTCA waives the United States' sovereign immunity to some extent, 28 U.S.C. § 1346(b), that waiver is limited by the discretionary function exception, *id.* § 2680(a). *See Reed*, 231 F.3d at 504. The discretionary function renders inapplicable the United States' waiver of sovereign immunity under the FTCA to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an

employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The discretionary function applies when a two-part test is satisfied: (1) the challenged action involves an element of choice or judgment and (2) "that judgment is of the kind that the discretionary function exception was designed to shield, which protects only governmental actions and decisions based on considerations of public policy." *Reed*, 231 F.3d at 504 (internal quotation marks omitted). Here, both parts of the test are met. Insofar as Grigg alleges tort claims against Tester, those claims appear to find fault with Tester's decisions as a senator. (*See* Doc. 9 at 1–2) (allegations that Tester failed his "obligations under federal and state laws" and "has publicly shown his support for (illegal) immigration issues" but failed to support Grigg).) Thus, the first part of the test is met because Grigg is critical of Tester's exercise of discretion. Second, the function of a senator necessarily entails government action and decisions based on considerations of public policy that very well may contradict the wishes of some constituents. *Cf.* THE FEDERALIST NO. 63 (James Madison) (emphasizing that the role of the Senate is to bring about the objective of government—to secure the good for the people—and take such action as "may be sometimes necessary as a defense to the people against their own errors and delusions."). Thus, to the extent Grigg alleges tort claims against Tester, the government has not waived its

5

sovereign immunity and the Court lacks subject matter jurisdiction over them.

### B. Damages

The Court does not have the authority to deliver Grigg any of his requested relief. First, Grigg asks for "assistance from [Tester] in [his] quest for legal employment and residence." (Doc. 4 at 1.) The Court cannot compel Tester to aid Grigg, and Grigg's complaint makes no causal connection between his failure to obtain legal employment and residence and Tester's actions or inactions. *See Slaughter v. Glebe*, 2018 WL 1393842, *1 (W.D. Wash. Feb. 22, 2018) (concluding that "plaintiff's request for injunctive relief is wholly outside the issues raised in his complaint and is therefore not of the appropriate character for injunctive relief"). And, because the Court does not have subject matter over the claims asserted against Tester, it cannot award compensatory damages on those claims. Similar reasoning applies to Grigg's request for punitive damages. In addition, the FTCA bars punitive damages against the United States. 28 U.S.C. § 2674.

### II. Failure to state a claim

Grigg's complaint is the epitome of "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. Such a bare-bones complaint fails to satisfy the pleading requirements of Rule 8(a), and therefore fails to state a claim for which relief may be granted. Grigg's complaint does not

include any factual allegations, and, for the reasons stated above, even if the complaint did include factual allegations in support of its legal claims, those claims would nonetheless be barred as a result of sovereign immunity. As a result, Grigg's complaint is dismissed with prejudice because amendment would be futile. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (internal quotations omitted).

## CONCLUSION

Based on the above, IT IS ORDERED that:

(1) the United States' motion to dismiss, (Doc. 6), is GRANTED.

(2) This matter is DISMISSED WITH PREJUDICE.

(3) Grigg's motion for a hearing, (Doc. 9), is DENIED as MOOT.

(4) The Clerk of Court is directed to close this matter and enter judgment in favor of the United States pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(5) In light of the waiver of the filing fee in state court due to Grigg's inability to pay, (*see* Docs. 3-1, 3-2), if Grigg were proceeding *in forma pauperis* here, the Court would direct the Clerk of Court to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

7

Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant complaint lacks arguable substance in law and fact.

DATED this 22nd day of July, 2021.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court